### CLOUD et al. v. HOUSTON LIGHTING & POWER CO.

#### No. 11846.

Court of Civil Appeals of Texas. Galveston. Jan. 16, 1947.

Rehearing Denied Feb. 6, 1947.

C. L. Krueger and Polk Shelton, both of Austin, for appellants.

Tom M. Davis and Baine P. Kerr, both of Houston (Baker, Botts, Andrews & Walne, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This action was brought by Nora Cloud in her own behalf, and as next friend for her four minor children, to recover from appellee, Houston Lighting & Power Company, damages arising from the death of her husband and the father of her children, T. P. Cloud, which was alleged to have been a result of the negligence of appellee in the construction, maintenance, and operation of its electric power line. The deceased received burns from which he died when he allegedly came in contact with a wire from one of appellee's electric transmission lines.

In answer to special issues submitted, a jury found in substance that appellee was negligent in the construction, operation and maintenance of its power lines and that such negligence was the proximate cause of decedent's injury. They found, however, that the decedent saw that the said power line was sagging as he approached the electric line; that he was negligent in attempting to drive the wagon under the sagging line, and that such negligence was the proximate cause of his injury and death.

The accident which caused T. P. Cloud's death occurred in the early morning of April 8, 1942, at a point where appellee's power line crossed the old Sealy-Eagle Lake road in Austin County, Texas. There had been a severe electrical storm and a heavy rain the night before the accident, and at the time of the accident the road under the electric line was wet and the atmosphere was cloudy. During the storm on the preceding night a cross-arm supporting the power line had been broken, causing one of the wires in the line to sag to within 2½ and 3 feet above the head of

the deceased when he was sitting on the seat of the wagon. At the time of the accident the deceased, a colored man 34 years of age, was proceeding to his work along said road in his employer's wagon, pulled by a mule. He was accompanied by a fellow employee, Charley Nash, who was standing in the rear of the wagon. Charley Nash testified that he saw the wire from the transmission line hanging over the road when they were 30 or 40 yards away; that he advised the deceased not to drive under it, and that, when deceased continued to drive toward the wire, he, Nash, jumped from the wagon. He testified that he heard something pop and that when he looked back the wagon was under the sagging wire, the deceased had fallen across the seat of the wagon, and the mule had fallen down.

A stick several feet long, which deceased had used as a whip, was lying in a pool of water at the left side of the wagon. There is no other testimony in the record tending to show how the accident occurred.

Appellants' main contention on appeal is that there was no evidence in the record raising the issue of the contributory negligence of the deceased and that there is no evidence to support the jury's finding that he was negligent, or that the deceased had any knowledge of the fact that he was placing himself in a position of danger by driving under or into the wire.

■ It has been generally held in the decisions of both the courts of this State and other jurisdictions, that "The contributory negligence of one who receives an injurious shock or is killed by coming in contact with a sagging electric wire is generally a question for the determination of the jury." 84 A.L.R. 694.

In the case of McGinty v. Texas Power & Light Co. Tex.Civ.App., 71 S.W.2d 354, 357, writ of error refused, under a state of facts similar in all material respects to the facts in this case, the court in its opinion held that: "It may be stated that, at this time in the history of the use of electrical power, it is common knowledge that all electrical machinery and appliances, from which emanate wires carrying suffi-

cient voltage to furnish the power to operate machinery, are dangerous to personal contact, and that every person going upon the immediate premises where such electrical machinery is operated, and from which such dangerous wires emanate, is charged with knowledge that, in doing so, he environs himself with grave danger."

In 38 American Jurisprudence, pages 864, 865, it is said that: "Care in avoiding injury implies that there is or would be with all prudent persons, something to create a sense of danger. A plaintiff's knowledge of the physical characteristics of the offending instrumentality or condition does not, in itself, constitute contributory negligence. A voluntary exposure to a known danger is an essential element of contributory negligence. Moreover, it is the appreciation of, or the opportunity to appreciate, the peril in an instrumentality or condition, rather than a knowledge of its physical characteristics, that bars a plaintiff of recovery for negligence. * * * Appreciation, as well as knowledge, of the danger may be imputed. Contributory negligence may consist in the failure to appreciate the danger when there is opportunity and knowledge reasonably sufficient to warn a person of peril. * * * Accordingly, a question of contributory negligence does not become one of law for the court to decide solely for the reason that there is no evidence directly to the effect that the plaintiff appreciated the peril. In other words, it is for the jury to determine whether knowledge of the physical characteristics of the offending instrumentality constituted a sufficient warning of peril to the plaintiff. While an appreciation of the threatened peril is essential to destroy one's right of recovery, it is by no means true that the plaintiff must have been able to foresee the full result of his act or omission. He is not entitled to recover merely because the peril was greater than he anticipated, although the increase in peril over his expectations was due to the negligence of defendant."

■ In the case of West Texas Utilities Co. v. Dunlap, Tex.Civ.App., 175 S.W.2d 749, in which the facts are similar in many

respects to those in the instant case, in that the plaintiff, who was working on a building, the top of which was eight feet below an electric transmission line, brought a metal pipe with which he was working in contact with the line, causing him to sustain a shock and fall from the building, from which he died. In reversing and remanding the case the appellate court held that the law does not charge the average person with the technical knowledge of all of the properties of electricity, but it does charge him with the knowledge that electric wires are ordinarily dangerous; that they should be avoided wherever possible and that they are likely to be charged with electric current and that it is dangerous to come in close proximity to them. It was held that the burden of alleging and proving that the deceased was ignorant of the danger of coming in contact with the power line was upon the plaintiff.

In the case at bar appellants neither alleged nor proved that the deceased was ignorant of the danger involved in either touching or coming in close proximity with an electric line.

The following authorities are in accord with the rule above announced: Turner v. Texas Electric Co., Tex.Civ.App., 77 S.W.2d 728; West Texas Utilities Co. v. Renner, Tex.Com.App., 53 S.W.2d 451; Southwestern Gas & Electric Co. v. Hutchins, Tex.Civ.App., 68 S.W.2d 1085.

■ Appellants contend that the trial court erred in the manner in which it submitted the issue of contributory negligence to the jury.

The court submitted to the jury the following special issues:

"Special Issue No. 7.

"Do you find from a preponderance of the evidence that at the time and on the occasion in question, T. P. Cloud, as the wagon in which he was riding approached the electric line in question, saw that said line was sagging?

"He did" or "He did not."

The jury answered: "He did."

"Special Issue No. 8.

"If you have answered special issue No. 7 'he did,' and only in that event, then answer the following:

"Do you find from a preponderance of the evidence that T. P. Cloud was negligent in attempting to drive the wagon in which he was riding under the sagging electric line in question after he had seen that the said line was sagging?

"He was negligent" or "He was not negligent."

The jury answered: "He was negligent."

Special issue No. 9 raised the question as to whether or not the negligence of the deceased was the proximate cause of his injuries, and the jury's answer was in the affirmative.

While appellants' counsel objected to Special Issue No. 8 on the ground that under the issue the jury could find the deceased negligent "without any knowledge on his part that it was a live wire and without any knowledge on his part that it was dangerous to pass under the sagging wire," no special issues were requested regarding the lack of mental capacity of the deceased, the manner in which contact with the electric current was made, or facts regarding the clearance, height or location of the wire.

Rule 279, Texas Rules of Civil Procedure, provides in part that " * * * where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issues. * * * Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment."

In this case appellants did not present to the court any additional instruction of the character urged by them under their points of appeal and they cannot, upon appeal, under said Rule 279, be heard to complain of the manner in which the issue of contributory negligence was submitted to the jury by the trial court.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.